T.C. Memo. 1999-248


UNITED STATES TAX COURT


FRANKLIN D. AND SANDRA M. TERRELL, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9473-97.                    Filed July 28, 1999.


        <u>Held</u>: R's determination that Ps are liable for the
addition to tax under sec. 6651(a)(1), I.R.C., for failure
to timely file their Federal income tax returns for their
1991, 1992, and 1993 taxable years is sustained.

        <u>Held</u>, <u>further</u>, R's determination that Ps are liable for
the accuracy-related penalty under sec. 6662(a), I.R.C., for
their 1991, 1992, and 1993 taxable years is sustained.


Franklin D. Terrell and Sandra M. Terrell, pro se.

<u>Sherri L. Munnerlyn</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge: Respondent determined deficiencies, additions to tax, and accuracy-related penalties for 1991, 1992, and 1993 with respect to petitioners' Federal income taxes as follows:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|-------------------------------|----------------------|
| 1991 | $23,617 | $5,345 | $4,723 |
| 1992 | 28,454 | 6,597 | 5,691 |
| 1993 | 32,748 | 1,566 | 6,550 |

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

After concessions by both parties, the remaining issues for decision are: (1) Whether petitioners are liable for the additions to tax under section 6651(a)(1) for failure to timely file their 1991, 1992, and 1993 Federal income tax returns; and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Los Angeles, California. During the years in issue, petitioner Franklin Terrell was a general contractor engaged in the construction business.

Petitioners filed their 1991 income tax return on January 8, 1993, and their 1992 and 1993 income tax returns on May 11, 1994. Petitioners did not file extensions to file their income tax returns for any of the years in issue.

Petitioners failed to report interest income earned from their bank accounts in the amounts of $1,201, $932, and $433, for their 1991, 1992, and 1993 taxable years, respectively.

Petitioners had unreported rental income in the amounts of $14,842, $7,472, and $14,405 for their 1991, 1992, and 1993 taxable years, respectively. In 1993, petitioners received a portion of the unreported rental income from the rental of their residence at 5260 Maymont Drive, Los Angeles, California.

Petitioners had unreported Schedule C income of $12,780, $51,858, and $58,608, for their 1991, 1992, and 1993 taxable years. Respondent estimated and allowed Schedule C expenses in the amounts of $14,218, $38,526, and $39,524, for petitioners' 1991, 1992, and 1993 taxable years, respectively; respondent's estimate, which was based on a percentage of petitioners' gross receipts, was required due to petitioners' failure to keep adequate records to substantiate their claimed Schedule C expenses.

Petitioners were not entitled to deduct rental expenses in the amounts of $8,417, $9,473, and $15,158, for their 1991, 1992, and 1993 taxable years because they had no records to substantiate these expenses.

OPINION

I.   Addition to Tax Under Section 6651(a)(1)

Respondent determined that petitioners were liable for the additions to tax under section 6651(a)(1) for the 1991, 1992, and 1993 taxable years.  Section 6651(a)(1) imposes an addition to tax for failing to file a timely income tax return, unless such failure to file is due to reasonable cause and not due to willful neglect.  The addition to tax is 5 percent of the amount required to be reported on the return for each month or fraction thereof during which such failure to file continues, but not to exceed 25 percent in the aggregate.  See sec. 6651(a)(1).  As calendar year taxpayers, petitioners' 1991, 1992, and 1993 returns were due on April 15, 1992, 1993, and 1994, respectively.  See sec. 6072(a).  However, in this case, petitioners filed their 1991 return on January 8, 1993, and their 1992 and 1993 returns on May 11, 1994.  Unless petitioners can show that their failure to timely file their returns was due to reasonable cause and not due to willful neglect, respondent's determination will be sustained.

The term "reasonable cause" as set forth in section 6651(a)(1) has been defined as the exercise of ordinary business

care and prudence.  See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).  The question of whether a failure to file a timely return is due to reasonable cause and not willful neglect is one of fact, on which petitioners bear the burden of proof.  See Rule 142(a); Commissioner v. Walker, 326 F.2d 261, 264 (9th Cir. 1964), affg. in part and reversing in part 37 T.C. 962 (1962); BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976).

At trial, Mr. Terrell admitted on direct examination that there was no reasonable cause for petitioners' failure to timely file their 1992 and 1993 returns.  However, petitioners attempt to establish, by Mr. Terrell's testimony, that their failure to file their 1991 return was due to riots and fires occurring near their home during 1991 and the subsequent relocation of petitioners and their family to Arizona.

We disagree.  Mr. Terrell's testimony fails to explain how the fires and riots prevented them from timely filing their returns or how these occurrences prevented them from filing an extension to file their 1991 return.  Moreover, the record shows that despite the riots and fires occurring near petitioners' home, Mr. Terrell's business records were unaffected and were taken with petitioners to Arizona.  The fact that petitioners had

possession of Mr. Terrell's business records indicates a lack of causal link between their failure to file and the riots and fires occurring near their home.

Under these circumstances, we conclude that petitioners' failure to file their 1991, 1992, and 1993 income tax returns was not due to reasonable cause. Therefore, respondent properly imposed the addition to tax.

## II. Accuracy-Related Penalty Under Section 6662(a)

Respondent determined that petitioners were liable for the accuracy-related penalty under section 6662(a) for their 1991, 1992, and 1993 taxable years, respectively. Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to items set forth in section 6662(b). Section 6662(b)(1) applies section 6662(a) to any portion of an underpayment attributable to negligence or disregard of rules or regulations.

Petitioners must prove that they were not negligent; i.e., that they made a reasonable attempt to comply with the provisions of the Internal Revenue Code, and that they were not careless, reckless, or intentional disregard of rules or regulations. See sec. 6662(c); Rule 142(a); LaVerne v. Commissioner, 94 T.C. 637, 652 (1990), affd. without published opinion 956 F.2d 274 (9th Cir. 1992); sec. 1.6662-3(b), Income Tax Regs. "Negligence" has also been defined as a "lack of due care or failure to do what a

reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985). The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith. See sec. 6664(c)(1).

In this case, petitioners were negligent. For each of the taxable years in issue, petitioners failed to report interest income, Schedule C income, and rental income. In addition, petitioners failed to maintain adequate records to substantiate Schedule C expenses and rental deductions claimed on their return. Thus, the record adequately demonstrates that petitioners were "careless" and did not make a "reasonable" attempt to comply with the provisions of the Internal Revenue Code.

By Mr. Terrell's testimony, petitioners contend that they are not liable for the accuracy-related penalty under section 6662(a) for any of the years in issue because they relied on their tax return preparer, Mr. Still, to prepare their returns accurately. In the circumstances petitioners' responsibility of filing accurate tax returns "cannot be avoided by placing responsibility on an agent." Pritchett v. Commissioner, 63 T.C. 149, 174 (1974). In the case of alleged reliance upon an accountant who prepared the taxpayer's return, a taxpayer may

demonstrate reasonable cause if he can show that he relied in good faith on a qualified adviser after full disclosure of all necessary and relevant information, see Jackson v. Commissioner, 86 T.C. 492, 539-540 (1986), affd. 864 F.2d 1521 (10th Cir. 1989); Paula Constr. Co. v. Commissioner, 58 T.C. 1055, 1061 (1972), affd. without published opinion 474 F.2d 1345 (5th Cir. 1973); sec. 1.6664-4(b)(1), Income Tax Regs., and that the incorrect returns resulted from the preparer's error, see Enoch v. Commissioner, 57 T.C. 781, 803 (1972).

In this case, petitioners have failed to establish that they fully disclosed all necessary and relevant information to Mr. Still or that the incorrect returns were a result of Mr. Still's errors. Thus, petitioners' negligence was not due to reasonable cause.

Accordingly, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a) for their 1991, 1992, and 1993 taxable years.

To reflect the foregoing,

Decision will be
entered under Rule 155.